WILLIAMS, J.
_JjThe defendant, Charles Dewayne Kennedy, was charged by bill of information with simple burglary, in violation of LSA-R.S. 14:62. In exchange for a sentence recommendation of five years and the state’s agreement not to file a habitual offender bill of information, the defendant pled guilty as charged. He was sentenced to serve five years in prison at hard labor, with credit for time served. For the following reasons, we affirm the defendant’s *1038 conviction and sentence, and we grant appellate counsel’s motion to withdraw.
FACTS
The defendant’s guilty plea was made subject to a plea agreement with the state. In exchange for the defendant’s guilty plea, the state agreed not to file a habitual offender bill of information. The state also agreed to recommend a sentence of five years at hard labor.
On September 27, 2011, the defendant, who was represented by counsel, pled guilty as charged. According to the facts recited by the state during the plea hearing, the defendant entered an apartment located at 1301 Owens Street in Bossier City and stole a power saw. The defendant was apprehended and confessed to the crime.
The defendant was advised of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Once the defendant waived his rights, the trial court accepted the guilty plea. The defendant waived sentencing delays and was sentenced to the agreed-upon sentence of five yeai's at hard labor.
On appeal, the defendant’s appellate counsel has filed a motion to ^withdraw, together with an Anders brief, alleging that there are no nonfrivolous issues to raise on appeal. See, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Monton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlined the procedural history of the case and the agreement under which the defendant’s guilty plea was entered. Appellate counsel also vei’ified that a copy of the motion to withdraw and his brief had been mailed to the defendant, in accordance with Anders, Jyles, Mouton and Benjamin, supra.
The record shows that the defendant was properly advised of his Boykin rights before he pled guilty. There were no errors patent found in the guilty plea or during the sentencing proceeding. Additionally, pursuant to LSA-C.Cr.P. art. 881.2, the defendant is precluded from seeking review of his five-year sentence, as it was imposed in conformity with the plea agreement.
This court has reviewed-the l’ecord for errors patent. We have found none.
CONCLUSION
For the foregoing reasons, the motion to withdraw is granted, and the defendant’s conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED.